EAST THIRTY FOURTH STREET VEHICULAR FERRY COMPANY, Inc., Libelant-Appellee, v. THE Steam Tug WAVERLY, Her Engines, etc., Erie Railroad Company, Claimant-Appellant.

ERIE RAILROAD COMPANY, Libelant-Appellant, v. THE Ferryboat Mount HOPE, Her Engines, etc., East Thirty Fourth Street Vehicular Ferry Company, Inc., Claimant-Appellee.

Nos. 115, 116.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1935.

Lynch & Hagen, of New York City (Charles W. Hagen and Henry C. Eidenbach, both of New York City, of counsel), for appellant.

Barry, Wainwright, Thacher & Symmers, of New York City (John C. Prizer, of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.
Decree (7 F. Supp. 80) affirmed.

John H. ESDORN and Esdorn Lumber Corporation, Plaintiffs-Appellants, v. M. GREENSPAN & CO., Inc., Defendant-Appellee.

John H. ESDORN and Esdorn Lumber Corporation, Plaintiffs-Appellants, v. BROOKLYN MOULDING CO., Inc., Defendant-Appellee.

Nos. 135, 136.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1935.

T. Hart Anderson, of New York City (Munn, Anderson & Liddy and Daniel H. Kane, all of New York City, of counsel), for appellants.

Joseph G. M. Browne, of Brooklyn, N. Y., for appellee M. Greenspan & Co., Inc.

John D. Morgan, of New York City (Martin T. Fisher, of Washington, D. C., and Hobart N. Durham, of New York City, of counsel), for appellee Brooklyn, Moulding Co., Inc.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

PER CURIAM.
Decree (7 F. Supp. 707) affirmed.

FIRESTONE TIRE & RUBBER CO., Appellant, v. Lawrence FRIEDMAN, Trustee, etc.

No. 5488.

Circuit Court of Appeals, Third Circuit.

Dec. 14, 1934.

Willis Bacon and Burch, Bacon & Denlinger, all of Akron, Ohio, and Frank W. Stonecipher and Stonecipher & Ralston, all of Pittsburgh, Pa., for appellant.

Hyman Schlesinger and A. H. Kaufman, both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.
The subject-matter of this case was whether the appellant had received an unlawful preference over the bankrupt's other creditors, and the question involved was whether the court erred in refusing to give binding instructions in favor of the appellant, the alleged preferred creditor. The case depends on its own particular facts, and no principles or precedents are in question. Finding no error on the part of the court in refusing appellant's request for binding instructions in its favor, we limit ourselves to affirming the judgment below.